**NOT FOR PUBLICATION**

**FILED**

NOV 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDY RODRIGUEZ, | No. 18-72368 |
| Petitioner, | Agency No. 096-498-556 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2019
Pasadena, California

Before: FARRIS, MCKEOWN, and PARKER,** Circuit Judges.

Andy Rodriguez petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming the decision of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

1

("IJ") denying his claim for withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Rodriguez is a citizen of Guatemala who was brought to this country when he was three years old. He seeks withholding of removal and protection under the CAT on two grounds. First, he contends that he is a member of a social group consisting of "Guatemalans with tattoos that will identify them as having had a gang affiliation." Second, he contends that if he is removed, he will belong to a group consisting of "Guatemalans who have returned to the country from the United States" and that as a member of these groups, he will face persecution and torture in Guatemala.

The BIA denied Petitioner's request for withholding on the ground that he had failed to establish that he was a member of a cognizable social group. Instead, the IJ and the BIA determined that the groups posited by Rodriguez were too amorphous and that the fears he referred to stemmed from the generalized criminality and violence in Guatemala, considerations that did not supply a valid basis for withholding of removal. *See Zentino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Our case law is clear that Petitioner's purported groups are not cognizable for purposes of the INA. We do not accept the contention that a "group" said to consist of "Guatemalans with tattoos that will identify them as having had a gang affiliation" and mark them for potential persecution meets the definition of a social group. Petitioner's proposed group is overbroad, lacking the necessary traits of particularity and social distinction. *See Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (explaining that a "tattooed gang member" is not a member of a particular social group).

In addition, we have repeatedly rejected groups that center on returnees to a country as a categorization that lacks particularity. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (a proposed social group of returning Mexicans was not cognizable because it could not "be described with passable distinction that the group would be recognized as a discrete class of persons"). In *Reyes v. Lynch*, we concluded that a group centered on "deportees from the United States to El Salvador" was "too amorphous, overbroad and diffuse" to meet the particularity requirements because it included people of all ages, regardless of how long they had been in the United States, the "reasons for their removal, or the recency of their removal." 842 F.3d 1125, 1140 (9th Cir. 2016).

Finally, we conclude that substantial evidence supports the Agency's determination that Petitioner did not establish he will "more likely than not" face torture by the government if returned to Guatemala. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). Record evidence supports the BIA's determination that Guatemalan law prohibits torture and that those laws are actively enforced. A petitioner's generalized fear about the possibility of torture is, however sincere, without more, insufficient to compel a conclusion contrary to that of the IJ and BIA. *See Delgado-Ortiz*, 600 F.3d at 1152.

For these reasons, we deny Petitioner's request for review of the BIA's determination that Petitioner did not establish his entitlement to withholding of removal or protection under the CAT.[1] We have considered the remainder of Petitioner's arguments and find them to be without merit.

**PETITION DENIED.**

---

[1] Petitioner has waived his claims for review of the BIA's denial of asylum protection and voluntary departure.